[No. 2565.]

### Samuel McElroy v. The State.

1. MURDER.—INDICTMENT for murder which fails to charge that the killing was done with malice aforethought is insufficient to charge the offense. There is no legal synonym for "malice aforethought" in criminal pleading.

2. SAME.—Note the animadversions of this court on the culpable carelessness so usual in the preparation of indictments and informations.

APPEAL from the District Court of Robertson. Tried below before the Hon. W. E. Collard.

The opinion sets out the charging part of the indictment. The conviction was for murder in the second degree, and a term of fifteen years in the penitentiary was the penalty assessed by the jury.

The substance of the testimony for the prosecution was that, on Christmas night, 1882, some one went to a house of three rooms occupied by Amy Davis, Scott Brown and Phillis Brown, each of these parties occupying separate rooms. The party, whom some of the witnesses recognized as the defendant, demanded admittance to Scott Brown's room, in order to see Rena Smith, whom evidently he supposed was in there. Scott Brown ordered him off, and the party fired through a hole in the door, the shot taking effect in the back of Jack Gray, the deceased, who, at the time, was in the room. Some days later the deceased died.

Some of the witnesses for the defense related the occurrences at the house exactly as they were related by witnesses for the prosecution, except that they did not know who the shooting was done by, and did not see the defendant about the premises at any time on that night. Otherwise the effort of the defense was to establish an *alibi*, which was to some extent supported by witnesses.

The motion in arrest of judgment presented the question involved in the opinion of this court. The motion for new trial, which was overruled, assailed the evidence and the charge of the court.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, and *C. Edmundson,* for the State.

Willson, Judge. This appeal is from a conviction of murder in the second degree, had upon an indictment which charges that "Samuel McElroy and Luke Robertson, laborers, on the twenty-fifth day of December, in the year of our Lord one thousand eight hundred and eighty-two, with force and arms, in the county of Robertson, and State of Texas, did then and there unlawfully, wilfully, feloniously and deliberately kill and murder one Jack Gray, by shooting said Jack Gray with a pistol, same being a deadly weapon; contrary," etc. We have copied the entire charging portion of the indictment. There is no allegation in it that the killing was done with "malice aforethought." Defendant's motion in arrest of judgment, based upon this omission in the indictment, was overruled.

"Malice aforethought" are technical words, for which, in an indictment for murder, there can be no equivalents or substitutes. They constitute an essential part of the definition of murder, both at common law and in our statute. Where the homicide is committed without "malice aforethought," either express or implied, it is not murder. At common law it has always been held essential to use these words in an indictment for murder, and upon this point the common law authorities and precedents are unanimous. (1 Bish. Cr. Pro., 335; 2 Id., 544; 1 Arch. Pl. & Pr., 784, 785; Whart. Cr. Law, 8 ed., 518; 1 Whart. Prec. & Pl., 114*h*; 2 Hale, 186, 187; Whart. on Hom., 807.) Such also is the doctrine held by our own courts. (*McCoy*

v. *The State,* 25 Texas, 33; *Tooney* v. *The State,* 5 Texas Ct. App., 163.)

It is indeed strange that the pleader should have omitted from the indictment these essential words. He certainly consulted no precedent, and did not even have reference to the statutory definition of murder, for, if he had taken this trouble, he could not have failed to discover the necessity of these words. In place of these, he has encumbered the indictment with other words which could and should have been omitted, because wholly useless in charging this offence. If those whose duty it is to prepare indictments would exercise a reasonable amount of care, and occasionally, at least, consult the law as to the requisites of an indictment, and frame their indictments with reference to the statutory definitions of offenses, it would save the country from much trouble and expense, and aid greatly in the speedy and effectual enforcement of the criminal law. We do not make these remarks with reference to this case alone; for it is by no means an isolated or unusual case in this particular. This court is compelled almost daily to set aside convictions because of the carelessness of prosecuting officers in the preparation of indictments. Such palpable and fatal mistakes as the one before us are of such frequent occurrence that we have deemed it proper to call attention to the evil, with the hope that district and county attorneys will reflect upon the consequences which result from defective indictments, and bestow more thought and attention upon the preparation of them.

Because the court erred in overruling the defendant's motion in arrest of judgment, the judgment is reversed, and because the indictment is fatally defective, the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered May 25, 1883.